UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRENDA STRAIT, as Personal
Representative of the Estate of Danny
Whitney, Deceased,

    Plaintiff,

v.

COUNTY OF GRAND TRAVERSE,
SHERIFF THOMAS BENSLEY,
DEPUTY SCOTT MARTIN, SERGEANT
ED LASSA, CORRECTIONAL
HEALTHCARE COMPANIES, INC.,
HEALTH PROFESSIONALS, LTD, P.C.,
STEPHANIE L. MILLER, LPN, and
WILFRED P. SALDANHA, MD, Jointly and
Severally,

    Defendants.

Case No.: 1:14-cv-00630
Hon. Paul L. Maloney
Mag.

_____/

| | |
|---|---|
| VEN R. JOHNSON (P39219) | Foley, Baron, Metzger & Juip, PLLC |
| JULIANA B. SABATINI (P64367) | Randall A. Juip (P58538) |
| JOHNSON LAW, PLC | Brian J. Richtarcik (P49390) |
| Attorneys for Plaintiff | Attorney for Defendants, Correctional |
| 535 Griswold, Suite 2632 | Healthcare Companies, Inc., Health |
| Detroit, Michigan 48226 | Professionals, Ltd, P.C., Stephanie L. |
| (313) 324-8300 / Fax (313) 324-8301 | Miller, LPN and Wilfred P. Saldanha, M.D. |
| vjohnson@venjohnsonlaw.com | 38777 Six Mile Road, Suite 300 |
| jsabatini@venjohnsonlaw.com | Livonia, MI  48152 |
| | (734) 742-1800 / Fax (734) 521-2379 |
| | rajuip@fbmjlaw.com |
| | brichtarcik@fbmjlaw.com |

_____/

**ANSWER TO COMPLAINT BY DEFENDANTS, CORRECTIONAL HEALTHCARE
COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER,
LPN AND WILFRED P. SALDANHA, M.D.**

**JURY DEMAND**

**AFFIRMATIVE DEFENSES**

NOW COME the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS LTD, P.C., STEPHANIE L. MILLER, LPN AND WILFRED P. SALDANHA, M.D. only, by and through their counsel, FOLEY, BARON, METZGER & JUIP, PLLC, and for their Answer to Plaintiff's Complaint, Jury Demand, and Affirmative Defenses, state as follows:

## ANSWER TO COMPLAINT

1. The allegations in paragraph 1 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

2. The allegations in paragraph 2 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

3. The allegations in paragraph 3 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

4. The allegations in paragraph 4 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

5. The allegations in paragraph 5 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

6. The allegations in paragraph 6 are neither admitted nor denied for lack of

sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

7. The allegations in paragraph 7 are denied in the form alleged as they are incomplete, inaccurate and/or untrue. Defendants admit CHC is a for-profit Delaware corporation is lawfully licensed to transact business in Michigan, and that they provided certain health care services to prisoners and detainees of the Grand Traverse County Jail pursuant to a contract with the County. Any allegations inconsistent herewith are expressly denied. To the extent that allegations constitute conclusions of law, no answer is required.

8. The allegations in paragraph 8 are denied in the form alleged as they are incomplete, inaccurate and/or untrue. Defendants admit HPL is a for-profit corporation that lawfully transacted business in Michigan, and that they provided certain health care services to prisoners and detainees of the Grand Traverse County Jail pursuant to a contract with the County. Any allegations inconsistent herewith are expressly denied. To the extent that allegations constitute conclusions of law, no answer is required.

9. Defendants admit Defendant nurse, Stephanie L. Miller, LPN, was a licensed practical nurse during the dates in question and acted as an agent and/or employee of CHC and/or HPL who on occasion provided certain nursing care to prisoners and/or detainees at the Grand Traverse County Jail, including but not limited to Danny Whitney. The remaining allegations, if any, are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

10. Defendants admit Defendant, Wilfred Saldanha, M.D., is a licensed medical doctor and during the dates in question he acted as an agent and/or employee of CHC and/or who on occasion provided certain medical care to prisoners and/or detainees at the Grand Traverse

3

County Jail, including but not limited to Danny Whitney. The remaining allegations, if any, are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

11. To the extent that the allegations in paragraph 11 constitute conclusions of law, no answer is required. Otherwise, the allegations in paragraph 11 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

12. To the extent that the allegations in paragraph 12 constitute conclusions of law, no answer is required. Otherwise, the allegations in paragraph 12 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

13. The allegations in paragraph 13 are admitted as true.

14. To the extent that the allegations in paragraph 14 constitute conclusions of law, no answer is required. Otherwise, the allegations in paragraph 14 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

15. The allegations in paragraph 15 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

16. The allegations in paragraph 16 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

17. The allegations in paragraph 17 are neither admitted nor denied for lack of

sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

18. The allegations in paragraph 18 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

19. The allegations in paragraph 19 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

20. The allegations in paragraph 20 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

21. The allegations in paragraph 21 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

22. The allegations in paragraph 22 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

23. The allegations in paragraph 23 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

24. The allegations in paragraph 24 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

25. The allegations in paragraph 25 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

26. The allegations in paragraph 26 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

27. The allegations in paragraph 27 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

28. The allegations in paragraph 28 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

29. The allegations in paragraph 29 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

30. The allegations in paragraph 30 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

31. The allegations in paragraph 31 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

32. The allegations in paragraph 32 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her

proofs.

33.     The allegations in paragraph 33 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

34.     The allegations in paragraph 34 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

35.     The allegations in paragraph 35 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

36.     The allegations in paragraph 36 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

37.     The allegations in paragraph 37 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

38.     The allegations in paragraph 38 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

39.     The allegations in paragraph 39 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

40.     The allegations in paragraph 40 are neither admitted nor denied for lack of

sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

41. The allegations in paragraph 41 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

42. The allegations in paragraph 42 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

43. The allegations in paragraph 43 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

44. The allegations in paragraph 44 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

45. The allegations in paragraph 45 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

46. The allegations in paragraph 46 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

**COUNT I**
**DENIAL OF MEDICAL TREATMENT – FOR SERIOUS MEDICAL NEEDS –**
**ALL DEFENDANTS**

47. Defendants repeat and reassert their answers to paragraphs 1 through 46 as if

more fully restated herein.

48. The allegations in paragraph 48 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

49. The allegations in paragraph 49 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

50. The allegations in paragraph 50 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

51. The allegations in paragraph 51 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

52. The allegations in paragraph 52 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

53. The allegations in paragraph 53 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

WHEREFORE, the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., only, pray that this Honorable Court shall deny the relief requested by Plaintiff in its entirety, dismiss the present action with prejudice, and tax reasonable

costs and attorney fees against Plaintiff where permitted by law.

### COUNT II
### FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE – DELIBERATE INDIFFERENCE – COUNTY, BENSLEY, CHC, HPL

54. Defendants repeat and reassert their answers to paragraphs 1 through 53 as if more fully restated herein.

55. The allegations in paragraph 55 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

56. The allegations in paragraph 56 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

57. The allegations in paragraph 57 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

WHEREFORE, the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., only, pray that this Honorable Court shall deny the relief requested by Plaintiff in its entirety, dismiss the present action with prejudice, and tax reasonable costs and attorney fees against Plaintiff where permitted by law.

## COUNT III
## GROSS NEGLIGENCE, INTENTIONAL, WILLFUL AND WANTON CONDUCT – ALL DEFENDANTS

58. Defendants repeat and reassert their answers to paragraphs 1 through 58 as if more fully restated herein.

59. The allegations in paragraph 59 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

60. The allegations in paragraph 60 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

61. The allegations in paragraph 61 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

62. The allegations in paragraph 62 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

63. The allegations in paragraph 63 concerning these Defendants are denied because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

WHEREFORE, the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., only, pray that this Honorable Court shall deny the relief requested by Plaintiff in its entirety, dismiss the present action with prejudice, and tax reasonable

costs and attorney fees against Plaintiff where permitted by law.

## COUNT IV
## MEDICAL MALPRACTICE – CHC, HPL, MILLER

64. Defendants repeat and reassert their answers to paragraphs 1 through 63 as if more fully restated herein.

65. Defendant Miller, CHC and HPL deny the allegation that there was medical malpractice by Miller because the allegation is false. Any remaining allegations in paragraph 65 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

66. The allegations in paragraph 66 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

67. The allegations in paragraph 67 concerning these Defendants are denied by Defendants Miller, CHC and HPL because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

68. The allegations in paragraph 68 concerning these Defendants are denied by Defendants Miller, CHC and HPL because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

WHEREFORE, the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., only, pray that this Honorable Court shall deny the relief

requested by Plaintiff in its entirety, dismiss the present action with prejudice, and tax reasonable costs and attorney fees against Plaintiff where permitted by law.

### COUNT V
### MEDICAL MALPRACTICE – CHC, HPL, SALDANHA

69. Defendants repeat and reassert their answers to paragraphs 1 through 68 as if more fully restated herein.

70. Defendants Saldanha, CHC and HPL deny the allegation that there was medical malpractice because the allegation is false. Any remaining allegations in paragraph 70 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

71. The allegations in paragraph 71 are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

72. The allegations in paragraph 72 concerning these Defendants are denied by Defendants Saldanha, CHC and HPL because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

73. The allegations in paragraph 73 concerning these Defendants are denied by Defendants Saldanha, CHC and HPL because they are untrue. Any remaining allegations are neither admitted nor denied for lack of sufficient information and knowledge upon which to form a belief and Plaintiff is left to her proofs.

WHEREFORE, the Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and

WILFRED P. SALDANHA, M.D., only, pray that this Honorable Court shall deny the relief requested by Plaintiff in its entirety, dismiss the present action with prejudice, and tax reasonable costs and attorney fees against Plaintiff where permitted by law.

## JURY DEMAND

Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., demand a trial by jury.

## AFFIRMATIVE DEFENSES

Defendants, CORRECTIONAL HEALTHCARE COMPANIES, INC., HEALTH PROFESSIONALS, LTD, P.C., STEPHANIE L. MILLER, LPN, and WILFRED P. SALDANHA, M.D., plead the following affirmative defenses:

1. Plaintiff's Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

    a. Danny Whitney was objectively subjected to deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and

    b. The Defendants subjectively demonstrated deliberate indifference by disregarding a known and excessive risk to the health and safety of Danny Whitney.

2. Plaintiff's Complaint, in whole and/or in part, is barred by absolute and/or qualified

governmental immunity from tort liability. To the extent that Defendants are sued in their individual capacity, they are entitled to dismissal, because a reasonable health care provider in their capacity would not have thought they were violating any of the clearly established constitutional rights of Danny Whitney, by any of their actions or inactions.

3.      Plaintiff's Complaint is barred by the non-joinder of parties under Fed R Civ. P 19.

4.      Defendants rely on all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution and/or under 42 USC §1983.

5.      Defendants deny they breached any duties and deny that they were negligent or violated the constitutional rights of Danny Whitney in any manner. At all times, Defendants, were guided by and strictly observed all of the legal duties imposed upon them by the United States Constitution, Federal Statutes, the common law and otherwise.

6.      Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. §1983.

7.      Defendants did not violate any clearly established Constitutional rights of Danny Whitney, of which Defendants were or should have been aware.

8.      The injuries and/or resulting damages of Plaintiff and/or Danny Whitney, if any, are attributable to the actions and/or negligence of entities and/or persons other than these Defendants.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence.

10.     Any alleged damages sustained by the Plaintiff were proximately caused totally or in part by the negligence and/or willful acts of Plaintiff and/or Danny Whitney, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

11. At all times pertinent to the instant litigation, Plaintiff and/or Danny Whitney was negligent, which directly or proximately contributed to cause the alleged injuries, if any, and Plaintiff's recovery must be reduced in proportion to said negligence.

12. Plaintiff fails to state a claim for medical malpractice for which relief may be granted because Plaintiff failed to meet all necessary, statutory requirements and notice requirements for the filing of a medical malpractice action required pursuant to MCL 600.2912a et. al.

13. Plaintiff's allegations for damages of non-economic loss may not exceed $280,000.00, or if the Plaintiff meets the statutory exceptions, which he does not, then $500,000 as modified by statute. These damages for non-economic losses in this matter may, in whole or in part, be statutorily limited by the provisions of MCLA 600.1483(1).

14. Plaintiff's claim for damages is barred, in whole or in part, by the collateral source rule and MCLA 600.6303.

15. Plaintiff's claim for joint and several liability, if any, is barred by MCLA 600.2956 and 600.6304(4).

16. Plaintiff failed to give appropriate notice pursuant to MCLA 600.2912b.

17. Plaintiff's Complaint was served prior to the expiration of the applicable notice period, as set forth in MCLA 600.2912b.

18. Plaintiff failed to comply with other requirements contained in MCLA 600.2912b.

19. Plaintiff failed to comply with the Affidavit of Merit Requirements pursuant to MCLA 600.2912d.

20. Plaintiff failed to allow access to all medical records as required under MCLA 600.2912b(5).

21. Plaintiff has failed to comply with the requirements of MCLA 600.2169.

22.     Plaintiff failed to join all issues and claims that he may have against Defendants.

23.     Plaintiff's claims fail to rise to the level of a constitutional violation.

24.     Plaintiff's claims are barred by the statute of limitations.

25.     Plaintiff has failed to state allegations against each Defendant that constitute deliberate indifference to a serious medical need, and/or that the injuries were the result of an unconstitutional policy, practice, or procedure put in place by Defendants CHC, HPL, or the County.

26.     Defendants are entitled to dismissal, because their actions were not wanton and reckless in the criminal sense with regard to the rights of Plaintiff but were, if anything, medical judgment calls.

27.     Plaintiff has failed to state a cause of action upon which relief can be granted.

28.     Defendants CHC and/or HPL cannot be held vicariously liable for the acts of their agents in a claim brought pursuant 42 U.S.C. §1983.

29.     Defendants specifically reserve the right to add any other affirmative and/or special defenses as may become known or discovered in the course of subsequent investigation or discovery.

Dated: July 1, 2014                             By: /s/ Brian J. Richtarcik
                                                Brian J. Richtarcik  (P49390)
                                                Foley, Baron, Metzger & Juip, PLLC
                                                Attorneys for Defendants, Correctional Healthcare
                                                Companies, Inc., Health Professionals, Ltd., P.C.,
                                                Stephanie L. Miller, LPN and Wilfred P. Saldanha,
                                                M.D.
                                                38777 Six Mile Rd., Suite 300
                                                Livonia, MI  48152
                                                (734) 742-1800
                                                brichtarcik@fbmjlaw.com
                                                P49390

17

**PROOF OF SERVICE**

I hereby certify that on July 1, 2014, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non ECF participants.

/s/Brian J. Richtarcik
Brian J. Richtarcik (P49390)
Foley, Baron, Metzger & Juip, PLLC
Attorneys for Defendants, Correctional Healthcare
Companies, Inc., Health Professionals, Ltd., P.C.,
Stephanie L. Miller, LPN and Wilfred P. Saldanha, M.D.
38777 Six Mile Rd., Suite 300
Livonia, MI  48152
(734) 742-1800
brichtarcik@fbmjlaw.com
P49390