## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

BRENDA STRAIT, as Personal
Representative of the Estate of Danny
Whitney, Deceased,

                 Case No.   14-cv-00630

      Plaintiff,              Hon. Paul L. Maloney

v.

COUNTY OF GRAND TRAVERSE,
SHERIFF THOMAS BENSLEY,
DEPUTY SCOTT MARTIN,
SERGEANT ED LASSA, CORRECTIONAL
HEALTHCARE COMPANIES, INC.,
HEALTH PROFESSIONALS, LTD, P.C.,
STEPHANIE L. MILLER, LPN, and
WILFRED P. SALDANHA, MD,
Jointly and Severally,

      Defendants.

---

| | |
|---|---|
| **VEN R. JOHNSON (P39219)**<br>**JULIANA B. SABATINI (P64367)**<br>JOHNSON LAW, PLC<br>Attorneys for Plaintiff<br>535 Griswold, Suite 2632<br>Detroit, Michigan 48226<br>(313) 324-8300<br>vjohnson@venjohnsonlaw.com<br>jsabatini@venjohnsonlaw.com | **RANDALL A. JUIP (P58538)**<br>**BRIAN J. RICHTARCIK (P49390)**<br>FOLEY, BARON, METZGER & JUIP, PLLC<br>Attorney for Defendants, Correctional<br>Healthcare Companies, Inc., Health<br>Professionals, Ltd, P.C., Stephanie L.<br>Miller, LPN and Wilfred P. Saldanha, M.D.<br>38777 Six Mile Road, Suite 300<br>Livonia, MI 48152<br>(734) 742-1800 / Fax (734) 521-2379<br>rajuip@fbmjlaw.com<br>brichtarcik@fbmjlaw.com |
| **T. JOSEPH SEWARD (P35095)**<br>**HAIDER A. KAZIM (P66146)**<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defendants COUNTY OF GRAND<br>TRAVERSE, SHERIFF BENSLEY,<br>DEPUTY MARTIN and SGT. LASSA<br>400 W. Front Street, Ste. 200<br>Traverse City, MI 49684<br>(231) 922-1888<br>tjseward@cmda-law.com<br>hkazim@cmda-law.com | **DOUGLAS C. SMITH (P30271)**<br>**ALAN R. SULLIVAN (P41613)**<br>Attorneys for Def. MILLER, only<br>900 Washington Avenue, P.O. Box 219<br>Bay City, MI 49707-0219<br>(989) 892-3924/Fax 3926<br>dsmith@smpklaw.com<br>asullivan@smpklaw.com |

---

1

## <u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER FORBIDDING<br>THE USE AND DISCLOSURE OF THE DEFENDANT COUNTY AND<br>COUNTY EMPLOYEES VIDEO RECORDING<br>OF FEBRUARY 27, 2015</u>

NOW COMES Plaintiff, BRENDA STRAIT, as Personal Representative of the Estate of DANNY WHITNEY, Deceased, by and through her attorneys, JOHNSON LAW, PLC, and for her Motion Forbidding the Use and Disclosure of the Defendants' Video of 2/27/15 Pursuant to FRCP 26(c) states as follows:

1.       This lawsuit arises out of Defendants' deliberate indifference to Plaintiff's decedent Danny Whitney's serious medical needs, which ultimately led to Danny's death on March 2, 2012.

2.       On February 27, 2015, the deposition of defendant Deputy Scott Martin was conducted via video conference.   Plaintiff attorney was located in Detroit, Michigan via video conference with attorney representing defendants CHC and Dr. Saldanha.   Counsel for County and County defendants was located in Traverse City with the witness, defendant Deputy Scott Martin. Counsel for defendant Stephanie Miller was also present in Traverse City.

3.       During the course of a break a discussion was had between counsel where counsel for the County defendants requested that the remainder of deputy Martin's deposition be recorded for training purposes of the deputy. Plaintiff counsel did not object to this request to record the deputy for training

purposes.   Plaintiff counsel did request to maintain any objections to the use of this video for purposes of this case.

4.       On March 13, 2015, Plaintiff counsel received a copy of the video recording of February 27, 2015 from the court reporting firm.   The video received by Plaintiff counsel is a short depiction (just over an hour) of the entire deposition which lasted approximately three hours in length.

5.       Further, the video recording received is a recording of Plaintiff counsel conducting the deposition, not the defendant witness, which was not permitted by Plaintiff counsel.   The video shows Plaintiff counsel conducting the deposition with faint answers from the deponent in Traverse City.[1]

6.       Plaintiff counsel immediately contacted counsel for County defendants on March 13, 2015 where defense counsel Seward agreed that the recording was supposed to be of the deputy.

7.       Plaintiff counsel followed the telephone call with a confirming email (given that counsel agreed the recording should have been of defendant Martin) requesting that the video be destroyed.   (**Exhibit A**, email correspondence dated March 13, 2015).   To date, defense counsel did not respond to Plaintiff counsel's email or affirm that the video would be

---

[1] If the Court is inclined to perform an in camera inspection of the video, Plaintiff counsel will provide the video recording at the Court's request.

3

destroyed.

8.     Plaintiff counsel also contacted the court reporting agency in Traverse City who recorded the video.   Attached is the email correspondence received from the court reporting agency stating that the request to video record was made at the request of the defendant Sheriff Bensley to record Plaintiff counsel's site.   That Plaintiff counsel was going to be recorded was never the understanding when counsel agreed to defendant's request (**Exhibit B**, email correspondence from court reporting agency).

9.     The recording of Plaintiff counsel conducting a deposition, who was not located in the same location as the deponent, serves no other purpose than to embarrass Plaintiff counsel by recording her actions and movements during the deposition.   Counsel for CHC and Saldanha is also captured on the video on his computer and cell phone.

10.     Even further, given that this recording captures merely a portion of counsel conducting the deposition, and not the deponent, it is irrelevant for use for any purpose in this matter.

11.     Federal Rules of Civil Procedure 26 (c)(1) allows for the entry of a Protective Order to protect a party from annoyance, embarrassment, oppression, and undue burden and expense.

12.     On March 20, 2015, as required by W.D. Mich. LCivR 7.1(d), Plaintiff counsel sought concurrence from counsel for defendant County and County employees regarding this motion.   To date, no response has been received from counsel.

WHEREFORE, for the reasons stated above and in the following Brief in Support, Plaintiff respectfully requests that this Honorable Court grant her Motion Forbidding the Use and Disclosure of the defendant County and County Employees Video Recording of February 27, 2015 for any purpose.

Respectfully submitted,

**JOHNSON LAW, PLC**

By: /s/ Juliana B. Sabatini
**VEN R. JOHNSON (P39219)**
**JULIANA B. SABATINI (P64367)**
Attorneys for Plaintiff
535 Griswold Street, Suite 2632
Detroit, MI 48226
313.324.8300
vjohnson@venjohnsonlaw.com
jsabatini@venjohnsonlaw.com

Dated:   March 24, 2015

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**

## STATEMENT OF FACTS

This lawsuit arises out of defendants' deliberate indifference to Plaintiff's decedent Danny Whitney's serious medical needs, which ultimately led to Danny's death on March 2, 2012 while incarcerated at the Grand Traverse County Jail.

On February 27, 2015, the deposition of defendant Deputy Scott Martin (booking officer for Danny Whitney's inciarceartion) was conducted via video conference. Plaintiff attorney was located in Detroit, Michigan via video conference with the attorney representing defendants CHC and Dr. Saldanha. Counsel for County and County defendants was located in Traverse City with the witness, defendant Deputy Scott Martin. Counsel for defendant Stephanie Miller was also present in the Traverse City court reporting office.

During the course of a break from the deposition, a discussion was had between counsel where counsel for the County defendants requested that the remainder of deputy Martin's deposition be recorded for training purposes of the deputy. Plaintiff counsel did not object to this request to record the deputy for training purposes. Plaintiff counsel did request to maintain any objections to the use of this video for purposes of this case.

However, on March 13, 2015, Plaintiff counsel received a copy of the

6

video recording of February 27, 2015 from the court reporting firm. The video received by Plaintiff counsel is a short depiction (just over an hour) of the entire deposition which lasted approximately three hours in length. Further, the video recording received is a recording of Plaintiff counsel conducting the deposition, not the defendant witness, which was not permitted by Plaintiff counsel. The video shows Plaintiff counsel conducting the deposition with faint answers from the deponent in Traverse City.[2]  Plaintiff counsel immediately contacted counsel for County defendants on March 13, 2015 where defense counsel Seward agreed that the recording was supposed to be of the deputy. Plaintiff counsel followed the telephone call with a confirming email (given that counsel agreed the recording should have been of defendant Martin) requesting that the video be destroyed. (**Exhibit A**, email correspondence dated March 13, 2015). To date, defense counsel did not respond to Plaintiff counsel's email, or affirm that the video would be destroyed.

Plaintiff counsel additionally contacted the court reporting agency in Traverse City who recorded the video. Attached is the email correspondence received from the court reporting agency stating that the request to video

_____

2  If the Court is inclined to perform an in camera inspection of the video, Plaintiff counsel will provide the video recording at the Court's request.

7

record was made at the request of the defendant Sheriff Bensley to record Plaintiff counsel's site.    (**Exhibit B**, email correspondence from court reporting agency).

## LAW AND ARGUMENT

Pursuant to FRCP 26(c)(1), a Court may enter a Protective Order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.   FRCP 26(c) states:

> (c) PROTECTIVE ORDERS.
> (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including
> one or more of the following:
> >  (A) forbidding the disclosure or discovery;
> >  (B) specifying terms, including time and place, for the disclosure or discovery;
> >  (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> >  (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> >  (E) designating the persons who may be present while the discovery is conducted;
> >  (F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

The recording of Plaintiff counsel conducting a deposition, who was not located in the same location as the deponent, serves no other purpose than to embarrass counsel who is the individual captured on the video—not the deponent.   The video depicts Plaintiff counsel sitting behind a table checking documents to question the witness, and looking for documents.   In the background, you can somewhat hear the answers from the deponent.   Further, counsel for defendants CHC and Saldanha is also depicted in the video on his computer and cell phone.   Even more, given that this recording captures merely a portion of a much larger deposition, it is in appropriate and irrelevant for use for any purpose in this matter.   Plaintiff counsel has attempted to resolve this issue without the intervention of the Court, however, defense counsel has failed to communicate with Plaintiff counsel regarding her concerns and has failed to concur in the relief being sought.   It remains, however, that while Plaintiff counsel attempted to engage in professional courtesy and allow the recording of this deposition for training purposes, defendant either misrepresented its intentions or failed to ensure that its request

9

was fulfilled.   In either instance, this video, which was made without consent, should be destroyed and should not be used for any purpose.

WHEREFORE, for the reasons stated above and in the following Brief in Support, Plaintiff respectfully requests that this Honorable Court grant her Motion Forbidding the Use and Disclosure of the defendant County and County Employees Video Recording of February 27, 2015 for any purpose.

Respectfully submitted,

**JOHNSON LAW, PLC**

By: /s/ Juliana B. Sabatini
**VEN R. JOHNSON (P39219)**
**JULIANA B. SABATINI (P64367)**
Attorneys for Plaintiff
535 Griswold Street, Suite 2632
Detroit, MI 48226
313.324.8301
vjohnson@venjohnsonlaw.com
jsabatini@venjohnsonlaw.com

Dated:   March 24, 2015

10

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on March 24, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the Court ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Randall A. Juip, Esq. | T. Joseph Seward, Esq. |
| rajuip@fbmjlaw.com | tjseward@cmda-law.com |
| Brian J. Richtarcik, Esq. | Haider A. Kazim, Esq. |
| brichtarcik@fbmjlaw.com | hkazim@cmda-law.com |

Respectfully submitted,

**JOHNSON LAW, PLC**

By: */s/Juliana B. Sabatini*
**VEN R. JOHNSON (P39219)**
**JULIANA B. SABATINI (P64367)**
Attorneys for Plaintiff
535 Griswold Street, Suite 2632
Detroit, Michigan 48226
313.324.8300

11